# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ACTION SECURITY SERVICE, INC.,**

        **Plaintiff,**

**-vs-**                            **Case No.  6:03-cv-1170-Orl-22DAB**

**AMERICA ONLINE, INC.,**

        **Defendant.**

---

## ORDER

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's Report and Recommendation ("R&R") (Doc. 67) and Plaintiff Action Security Service, Inc.'s Objection (Doc. 68) thereto.

By way of background, Action Security's First Amended Complaint (Doc. 21) asserts claims of civil theft, conversion and negligence. The substance of these claims is that Defendant America Online, Inc. ("AOL") has "stolen" a toll-free telephone number utilized by Action Security in its commercial fire alarm business, and/or has negligently disseminated the phone number to AOL's customers, thereby disrupting Action Security's business. The R&R recommends that AOL's Motion to Strike Portions of Plaintiff's Declarations (Doc. 57) be granted in part and denied in part, and that AOL's Motion for Summary Judgment (Doc. 47) be granted.

Action Security's first objection is that certain out-of-court statements contained in the affidavits of Fran and Robert Tingle should not be excluded as hearsay, since they are not actually offered to prove the truth of the matters asserted. This objection is baseless. As Judge

Baker observed in his R&R, the statements in question "meet the definition of hearsay in that they are out of court statements, offered to proved the truth of the matters asserted - namely that AOL was responsible for the misdirected calls" reportedly placed by the third-party witnesses. Doc. 67 at 9.

Action Security also objects on the basis that if the statements at issue do qualify as hearsay, they nevertheless can be used to defeat summary judgment because they can be reduced to admissible form at trial, i.e., the declarants of the hearsay statements will make the same statements under oath at trial. Action Security is mistaken on this point, as well.

In support of this argument, Action Security cites *Macuba v. Deboer,* 193 F.3d 1316 (11th Cir. 1999). However, *Macuba* cannot be read as liberally as Action Security suggests. In the first place, the opinion reiterates the general rule that inadmissible hearsay cannot be considered at the summary judgment stage. 193 F.3d at 1322. The Eleventh Circuit has confirmed this principle post-*Macuba*. *See Club Car, Inc. v. Club Car (Quebec) Import, Inc.,* 362 F.3d 775, 783 (11th Cir.) ("Inadmissible hearsay generally cannot be considered on a motion for summary judgment," citing *Macuba*), *cert. denied,* 125 S.Ct. 618 (2004). *Macuba* does go on to indicate that a district court may consider a hearsay statement for summary judgment purposes, provided the statement can be reduced to admissible form at trial. *Id.* at 1323. However, this does not permit a litigant to defeat summary judgment by simply inserting an otherwise inadmissible out-of-court statement by a third party in a summary judgment affidavit. The out-of-court statement itself must be admissible at trial; e.g., it must fall within a hearsay exception, or not constitute hearsay at all because it is not offered to prove the truth of the matter asserted, or be used solely for impeachment purposes, rather than as substantive

evidence. *Id.* at 1323-24. The statements at issue in this case meet none of these criteria.  In other words, if Fran and Robert Tingle were on the witness stand at trial, they could not testify to what these third parties told them because the out-of-court statements would be hearsay and would not fit within a recognized hearsay exception. *See Macuba,* 193 F.3d at 1323 n.12 (characterizing the issue as "whether the hearsay statements contained within Leonard's deposition and affidavit would be admissible at trial were Leonard to take the stand and Macuba sought to elicit those statements from him").

Summary judgment evidentiary requirements are not so lax as to permit a litigant to cram one or two affidavits with hearsay statements and argue that because the out-of-court declarants will eventually testify at trial, their statements as reported by the affiants are admissible for summary judgment purposes.  Permitting such a practice would eviscerate the requirement that summary judgment motions be supported and opposed by admissible evidence, and would render summary judgment ineffective as a device for terminating non-meritorious litigation short of trial.

Finally, Action Security argues that the R&R "fails to reference"certain portions of Robert and Fran Tingle's affidavits and excerpts from the depositions of witnesses Olga Jung, Pamela Kocian and Barry Poe.  Doc. 68 at 2-5.  However, it is abundantly clear from the R&R that Judge Baker considered the testimony of all these persons. *See, e.g,* Doc. 67 at 12-13.  The bottom line is that even considering the testimony identified in the Objection, Action Security has failed to present sufficient admissible evidence to create any triable issue of on its claims.

Based on the foregoing, it is ORDERED as follows:

1.  The May 27, 2005 Report and Recommendation (Doc. 67) is ADOPTED AND APPROVED.

2.  Plaintiff's Objection to Report and Recommendation (Doc. 68), filed June 10, 2005, is OVERRULED.

3.  The Defendant's Motion to Strike Portions of Plaintiff's Declarations (Doc. 57), filed March 6, 2005, is GRANTED IN PART AND DENIED IN PART.

4.  The Defendant's Motion for Summary Judgment (Doc. 47), filed January 31, 2005, is GRANTED.

5.  The Clerk shall enter a final judgment providing that the Plaintiff, Action Security Services, Inc., shall take nothing on its claims against the Defendant, America Online, Inc.  The judgment shall further provide that the Defendant shall recover its costs of action.

6.  The Clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 28, 2005.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge David A. Baker