**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ACTION SECURITY SERVICE, INC.,**

        **Plaintiff,**

**-vs-**                                                                              Case No.  6:03-cv-1170-Orl-22DAB

**AMERICA ONLINE, INC.,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES (Doc. No. 84)**
>
> **FILED:** August 17, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

    The motion, which does not comport with Local Rule 3.01(g), reflects that the same motion is currently pending before the United States Court of Appeals.  To the extent that the motion seeks an award of appellate attorneys' fees and costs, the motion is presently without the jurisdiction of this Court and must therefore be **denied** in that respect, subject to any new mandate.  To the extent the motion seeks an award of attorney's fees with respect to fees incurred in the proceedings before the District Court, the motion should be **granted, in part.**

As this Court noted previously, Plaintiff (herein "Action"), a local alarm company, sued Defendant (herein "AOL"), for damages it says resulted from calls received by Action on Action's toll free number from users attempting to access AOL. Action's First Amended Complaint (Doc. 21) asserted state law claims of civil theft, conversion and negligence. In substance, Action asserted that AOL had converted the toll-free telephone number utilized by Action in its commercial fire alarm business for its own use and benefit. Action also asserted that AOL negligently gave out the toll free number to its customers, resulting in a foreseeable business interruption loss to Action. In a Report and Recommendation, the undersigned recommended that the summary judgment motion brought by AOL be granted, and the District Court adopted the Report and entered judgment for AOL (Doc. Nos. 67, 71-2). Following affirmance on appeal and issuance of the mandate (Doc. No. 83), AOL brings the instant motion.

AOL contends that it is entitled to attorney's fees pursuant to Fla. Stat. § 772.11. That statute pertains to a civil theft action and provides, in pertinent part: "The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11 (2004). AOL argues that it is therefore entitled to recover its fees for the defense of this action, as this Court, by granting summary judgment in AOL's favor, necessarily found the civil theft count to be without factual or legal support. AOL seeks an award of $114,599.00 in fees; an amount totaling all legal work performed for the defense of the entire case.

As noted by Action in its response (Doc. No. 87), AOL has the burden of apportioning the fees among the three counts in the Complaint. See *Ocean Club Community Association, Inc. v. Curtis,* 935 So.2d 513 (Fla.3d DCA 2006) (reversing award of attorney's fees for services unrelated to the

claim which allowed fees), *citing Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc.,* 779 So.2d 558 (Fla. 5th DCA 2001) (noting an affirmative burden to identify what portion of the effort was expended on the claim allowing attorney's fees); *Salisbury v. Speilvogel,* 451 So. 2d 974, 975 (Fla. 4th DCA 1984) ("In seeking attorney's fees for services in litigation where the prevailing party may be entitled to fees for services regarding some of the issues but not others, the burden of proving entitlement to fees is upon the party claiming them.") (internal citations omitted).  Rather than identifying which legal fees relate to the only count for which AOL has grounds to claim fees, AOL contends that its defense of the civil theft count "was necessarily tied to and redundant with its defense of Action's other two claims, Conversion (Count II) and Negligence (Count III), because all of these claims were contingent on the same underlying facts. In other words, all of AOL's actions in this case were necessarily in defense of Action's claim for Civil Theft."  (Doc. No. 84 at 7).  This Court finds that this contention does not suffice to meet AOL's burden.

In the Report recommending that the District Court grant summary judgment, this Court found the civil theft claim to be untenable because of the lack of evidence as to the required element of felonious intent (Doc. No. 67 at 12-13).  Felonious intent, however, is not a required element of the tort of conversion[1] nor is it required to establish a claim of negligence.[2]  Moreover, as noted in the Report, a claim of civil theft must be established by clear and convincing evidence – a different

---

[1] Florida courts have defined the tort of conversion as an (1) act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. *See Warshall v. Price*, 629 So.2d 903, 904 (Fla. 4th DCA 1993). "Conversion" can also occur when a person who has a right to possession of property demands its return and the demand is not or cannot be met. *Shelby Mut. Ins. Co. of Shelby, Ohio v. Crain Press, Inc.*, 481 So.2d 501 (Fla. 2d DCA 1985), rev. denied, 491So.2d 278 (Fla.1986).

[2] Negligence requires the following elements: 1) the existence of a duty recognized by law, 2) failure to perform that duty; and 3) injury or damage to the plaintiff proximately caused by such failure. *See Stahl v. Metropolitan Dade County,* 438 So. 2d 14, 17 (Fla. 3rd DCA 1983) (internal citations omitted); *Threat Properties, Ltd. v. Title Insurance Company of Minnesota*, 875 F. 2d 831, 838 (11th Cir. 1989) (setting forth the elements of a cause of action for negligence under Florida law).

evidentiary standard than that applicable to a negligence or conversion claim. While it is true that the claims had a shared factual background, the elements of each claim are different, and AOL raised distinct defenses to each claim. Moreover, as is clear from a review of the docket and the time sheets in this regard, the civil theft claim was not the major focus of the defense.[3] The Court finds that AOL is not entitled to fees for the entire case, but is only entitled to such fees as it can show are related to the civil theft count – the only claim for which it has asserted entitlement.

In determining the amount of reasonable fees appropriately attributable to the civil theft claim, the Court is guided by the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir.1999). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar

---

[3] For example, the motion for summary judgment devoted three and a half of its 20 pages exclusively to the civil theft claim, while devoting almost eight pages to the negligence count (Doc. No. 47).

cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

With respect to the amount of attorney's fees claimed, AOL has provided Affidavits and time sheets, which purport to provide an itemization of the services provided and fees charged for the services. As noted above, the civil theft claim was not the main focus of the suit, which relied primarily on a theory that AOL "converted" the toll free number for its own use. The Court finds that the time sheets include time for services not fairly attributable to the civil theft claim, as well as time not recoverable in any event (such as time spent on the unsuccessful motion for judgment on the pleadings). As for those services which did overlap with other claims (such as time spent deposing Plaintiff's principal), only a pro rata share of the time claimed is appropriate. Absent any attempt by AOL at parsing the services to reflect only those incurred in defense of the civil theft claim, the Court must necessarily make an estimate, based on the record. The Court finds that of the six hundred and eight hours claimed,[4] a maximum of forty hours is reasonable for the defense of this claim.

As for hourly rates, the Court notes that the supporting affidavit regarding the hourly rates charged by counsel reflect the customary rates charged by the firm in Jacksonville, Florida. This case, however, was prosecuted in Orlando. The error, however, is harmless in that the rates charged by counsel (varying from $165 to $255 per hour, and $110 to $120 for legal assistants), are reasonable for this community, as well, as recognized by Affiant Bruce Blackwell. Unfortunately, due to AOL's

---

[4] The Court notes that this is an enormous amount of time, considering that the case was never tried and involved three state law claims of no particular complexity. The Court finds that many of the hours claimed reflect a certain amount of duplicative efforts, due no doubt to the fact that there were six professionals (three attorneys and three legal assistants) working on the file.

failure to claim only those services properly recoverable here, the Court's estimation of the hours reasonably expended can not be further identified by reference to a particular lawyer or legal assistant, at a particular hourly rate. In view of the range of fees charged, the Court finds a rate of $175.00 per hour to be reasonable, under the circumstances.

In considering all of the *Johnson* factors, and absent any specification or apportionment by AOL, the Court **respectfully recommends** that the motion be **granted, in part,** and an award be made in the amount of **$7,000.00 (forty hours at $175.00 per hour).** The motion should be **denied** as to an award of appellate fees, absent further mandate from the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 4, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy