**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ACTION SECURITY SERVICE, INC.,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:03-cv-1170-Orl-22DAB**

**AMERICA ONLINE, INC.,**

      **Defendant.**

_____

### SUPPLEMENT TO REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument, with respect to the issue of the appropriate amount of attorney's fees to be awarded Defendant for the defense against Plaintiff's civil theft claim.

### *PROCEDURAL BACKGROUND*

As this Court noted previously, Plaintiff (herein "Action"), a local alarm company, sued Defendant (herein "AOL"), for damages it says resulted from calls received by Action on Action's toll free number from users attempting to access AOL. Action's First Amended Complaint (Doc. 21) asserted state law claims of civil theft, conversion and negligence. In substance, Action asserted that AOL had converted the toll-free telephone number utilized by Action in its commercial fire alarm business for its own use and benefit. Action also asserted that AOL negligently gave out the toll free number to its customers, resulting in a foreseeable business interruption loss to Action. In a Report and Recommendation, the undersigned recommended that the summary judgment motion brought by AOL be granted, and the District Court adopted the Report and entered judgment for AOL (Doc. Nos.

67, 71-2).

Following affirmance on appeal and issuance of the mandate (Doc. No. 83), AOL sought an award of attorney's fees for work at the appellate and trial level (Doc. No. 84). This Court issued a Report and Recommendation (Doc. No. 86) that the motion be granted, in part, with respect to fees incurred at the trial level and denied, without prejudice, with respect to appellate fees, as an identical motion was then pending before the United States Court of Appeals. Since issuance of that Report, the appellate court granted, as to entitlement, the motion for appellate attorney's fees for the defense against the civil theft claim, and remanded to the district court the issue of the reasonable amount of appellate attorney's fees to be awarded, including the extent that Action's claims of conversion, negligence, and civil theft are "intertwined" [sic] (Doc. No. 87).

Upon receipt of the appellate order, this Court issued an Order directing the filing of copies of the appellate papers (Doc. No. 88), and both parties have complied (Doc. Nos. 90 and 91). AOL has also filed an Objection to the Court's initial Report and Recommendation, with respect to the issue of whether the Plaintiff's claims were sufficiently intertwined so as to justify an award of all fees (Doc. No. 89). Although this Court does not normally consider objections filed to a pending Report (such is the province of the District Judge), in view of the directive of the appellate court, the Court considers the matter anew, including the issues raised in the Objections. As such, the Court addresses the outstanding matter of the appropriate amount of attorney's fees to be awarded.

## *ANALYSIS*

In the prior Report, the Court noted that AOL is entitled to attorney's fees solely pursuant to Fla. Stat. § 772.11, pertaining to the civil theft action. That statute provides, in pertinent part: "The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate

courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11 (2004). In its motion, AOL sought an award of $114,599.00 in fees at the trial level and $37,889.50 for appellate work; an amount totaling all fees for all legal work performed in the defense of the entire action. In so doing, AOL contended that its defense of the civil theft count "was necessarily tied to and redundant with its defense of Action's other two claims, Conversion (Count II) and Negligence (Count III), because all of these claims were contingent on the same underlying facts. In other words, all of AOL's actions in this case were necessarily in defense of Action's claim for Civil Theft." (Doc. No. 84 at 7). In the Report, the Court disagreed, found that AOL had not met its burden of apportioning its fees, and ultimately recommended an award of $7,000 (forty hours at $175.00 per hour) for District Court work pertaining to the civil theft claim.

In objection to the Report, AOL contends that the Court erred as the claims *are* intertwined; the hourly rate is inadequate as it is below the rate used by the primary attorney on the case; and the amount of hours allowed is inadequate "because all of the work done in this case was necessarily done in defense of Action's claim for civil theft." The Court has considered the further argument of AOL, and remains unpersuaded that an award of all fees incurred is appropriate.

### *Are the Claims Intertwined*

As the Court noted in its prior Report, AOL is only entitled to fees pursuant to the statutory provision pertaining to the civil theft claim. As such, AOL has the burden of apportioning the fees among the three counts in the Amended Complaint. *See Ocean Club Community Association, Inc. v. Curtis,* 935 So.2d 513 (Fla. 3d DCA 2006) (reversing award of attorney's fees for services unrelated to the claim which allowed fees), citing *Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc.*,779 So.2d 558 (Fla. 5th DCA 2001) (noting an affirmative burden to identify what portion of the

effort was expended on the claim allowing attorney's fees); *Salisbury v. Spielvogel*, 451 So. 2d 974, 975 (Fla. 4th DCA 1984) ("In seeking attorney's fees for services in litigation where the prevailing party may be entitled to fees for services regarding some of the issues but not others, the burden of proving entitlement to fees is upon the party claiming them.") (internal citations omitted). If, as asserted by AOL, *all* of the fees in this case were incurred in defense of this claim, it would follow that but for the civil theft claim, no fees would have been incurred. Of course, this position is unsupportable. Indeed, AOL claims fees for work performed *before* the civil theft count was even asserted.[1] At best then, AOL can only contend that the work performed covered all three claims; that is, that the counts were so redundant of each other, that the firm performed no legal work exclusively for any particular count. AOL has the burden of establishing this, however, and the Court still finds that such a showing has not been made.

In response to the Court's Report finding that the counts are distinct (noting differing elements of the cause of action, different evidentiary burden of proof, different defenses raised), AOL contends that "the claim for civil theft was the only issue in the case" (Doc. No. 89 at 14), and that the issue of whether the claims are the same should be analyzed under case law relating to *res judicata* or compulsory counterclaim issues. The Court is not persuaded.

Initially, the Court notes that AOL does not (and cannot) dispute that the three causes of action are, indeed, different with respect to the elements of the claims and the burden of proof. As previously indicated, the hallmark of a suit for civil theft is the element of felonious intent, and the

---

[1] The original Complaint was filed July 15, 2003, in state court, and did not include a count for civil theft. It was not until January 15, 2004, *six months later*, that the civil theft claim was first asserted via an Amended Complaint, well after the case was removed to this Court (Doc. Nos. 1, 2 and 21). Nonetheless, AOL has still claimed entitlement to all fees from the inception of this lawsuit.

absence of clear and convincing evidence of that intent was the reason the civil theft claim was not sustainable. Nothing in this finding, however, would have precluded the Court from finding that the Toll Free Number was negligently used or improperly converted under Florida law, upon an adequate showing. The conversion and negligence counts were therefore not, so to speak, "lesser included" offenses, and were not redundant to the civil theft claim. Theft is simply not the equivalent of negligence.

Moreover, the Court disagrees with AOL that the case *centered* on the alleged civil theft. The case centered on AOL's alleged *use* of the Toll Free Number, not the alleged theft of it. Indeed, as previously noted, the initial complaint brought a cause of action for conversion only.

The cases cited by AOL are readily distinguishable. For example, AOL cites to a 5th Circuit case for the proposition that if there is any overlap of work on successful and unsuccessful claims, the attorneys should be compensated for time spent gathering that evidence. *See Hardy v. Porter*, 613 F.2d 112, 114 (5th Cir. 1980). While the Court does not disagree with this principle in the appropriate context, unlike the instant action, *Hardy* was a civil rights case, and our courts have long recognized the unique public policy concerns underlying attorney's fees awards in such cases. Further, *Hardy* does not stand for the proposition that all time spent is recoverable; only that if work overlaps, it is recoverable. Here, the Court rejects AOL's contention that every single second of time it spent on this case was in defense of the civil theft claim, with the other claims overlapping.

AOL cites to *Anglia Jack & Co., Inc. v. Dubin*, 830 So.2d 169, 171 (Fla. 4th DCA 2002), for the proposition that: "When counts are intertwined, the trial courts often have no choice but to award attorney's fees as to time spent on all claims." Again, the Court does not disagree, but notes that AOL neglected to cite the most pertinent portion (for present purposes) of *Anglia Jacs:* "Claims are

"inextricably intertwined" when a "determination of the issues in one action would necessarily be dispositive of the issues raised in the other." *Cuervo v. W. Lake Village II Condo. Ass'n,* 709 So.2d 598, 599-600 (Fla. 3d DCA 1998); *see also Warshall v. Price*, 629 So.2d 905 (Fla. 4th DCA 1993)." *Id.* at172. As noted, the determination that the civil theft claim was not tenable was not dispositive of the negligence claim or the conversion claim.

AOL cites another case for the following proposition: "Florida courts have held "that claims are separate and distinct when they could support an independent action and are not simply alternative theories of liability for the same wrong." *Avatar Development Corp. v. DePani Construction, Inc.*, 883 So. 2d 344, 346 (Fla. 4th DCA 2004). The holding of this case, however, does not support AOL's argument. In *Avatar*, the court held that a contractor's lien foreclosure claim was separate and distinct from the contractor's breach of contract claim for loss of future profits. This belies AOL's assertion that all claims arising from a "common nucleus of operative fact" are, by definition, intertwined for attorney's fees purposes. Certainly, the *Avatar* claims arose out of a common factual scenario (the construction project), but that alone was insufficient to find that they were intertwined for attorney's fee purposes. *Id.* at 346, *citing Fielder v. Weinstein Design Group, Inc.,* 842 So. 2d 879, 880 (Fla. 4th DCA 2003) (noting that claims that arose out of a "single contractual relationship regarding interior design services on the home" were separate and distinct claims). Courts have recognized that civil theft, conversion, and negligence are, indeed, separate and distinct claims. "Under Florida law, a conversion claim is distinct from a statutory civil theft claim because the law does not require felonious intent to commit conversion." *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp.2d 1330, 1341 (M.D. Fla. 2006) (*citing Stearns v. Landmark First Nat. Bank of Fort Lauderdale*, 498 So.2d

1001, 1002 (Fla. 4th DCA 1986); "The statutory language for theft requires knowledge and intent rather than mere negligence." *Sunco Sales, Inc. v. Latch*, 58 B.R. 596, 600 (S.D. Fla. 1986).

The Court similarly rejects AOL's final argument on this issue, quote: "To avoid the consequences of bringing a baseless claim for civil theft, any plaintiff would simply need to bring the intertwined claim of conversion or some other alternate theory of liability and assert that such a lesser claim(s) was the primary focus of the lawsuit to diminish its statutory exposure to attorney's fees." This, of course, ignores the fact that Defendant is only entitled to *any* fees at all in this case solely due to the civil theft count. The civil theft statute is claim specific; it is not the equivalent of prior versions of Florida's frivolous action statute (Fla. Stat. § 57.105), which allowed fees for the entire action, if found to be frivolous. *Cf. Muckenfuss v. Deltona Corp.*, 508 So.2d 340 (Fla. 1987). Taking AOL's argument to its logical conclusion, AOL would be entitled to fees for the entire suit, even if Action had prevailed on its negligence or conversion count (or both). Such a conclusion is not supported by the statute or the case law. The Court rejects AOL's attempt to extend the limited entitlement to fees under Florida law to cover all fees it incurred in this case.

Upon a close review of all of the argument and case law, the Court believes this case to be more akin to a recent case not cited by AOL: *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316 (11th Cir. 2006). There, appellant had brought suit against Amazon for displaying her image on its websites in furtherance of its sale of a book. She sued for damages pursuant to: (1) the right of publicity statute, Fla. Stat. § 540.08; (2) the civil theft statute, Fla. Stat. § 772.11; and (3) the Florida common law invasion of privacy doctrine. The trial court granted Amazon summary judgment on all three claims, noting a lack of felonious intent with respect to the civil theft count, and awarded Almeida " a modest award of $3,500 in attorney's fees" as to the civil theft claim. *Id.* at 1327. The Eleventh Circuit

-7-

affirmed, and upheld the award, noting "no evidence that the calculation was unreasonable." *Id.* This Court finds no basis to distinguish *Almeida* from the case at bar. In both, an allegedly wrong act resulted in a suit for three state law causes of action; summary judgment was issued in defendant's favor (based on the same lack of felonious intent, with respect to the civil theft claim); and a modest attorney's fee was awarded defendant *for the civil theft count only.* The Court stands by its previous determination that AOL is not entitled to an award for all legal fees incurred in its defense of the case, and that the claims are not inextricably intertwined.

*Amount of Fees*

AOL objects to the rate utilized by the Court in its prior Report, asserting that the rate ($175 per hour) is below that of the primary attorney's rate of $195 through October 31, 2004, and $220 thereafter. The Court agrees that the rate is lower than the attorney's rate, but notes that a significant portion of the work charged was performed by paralegals (at the rates of $110 and $120 per hour) and junior counsel, at the rate of $165 or $175 per hour. Absent any attempt by AOL to apportion the fees to exclude uncompensable time and to reflect only those services incurred with respect to defense of the civil theft claim, the Court necessarily estimated based on the record and, as explained in the Report, arrived at the rate of $175, which is in the middle of the range of fees charged. Although AOL objects to this rate, it *still* has not made any attempt to apportion or otherwise identify those specific services properly chargeable to the civil theft count, in any effort to more accurately identify the rate. As AOL has not carried its burden, the Court concludes that the rate of $175 per hour is reasonable, on this record.

Absent any reason to recede from its prior Report, the Court again **respectfully recommends** that an award be made for attorney's fees at the trial level in the amount of $7,000.00 (forty hours at $175.00 per hour).

*Appellate Fees*

AOL claims the following fees and rates with respect to the appeal in this matter:

| Joseph Hatchett | 18.6 hours | $500 per hour | $9,300.00 |
| Richard Margulies | 30.5 hours | $255 per hour | $7,777.50 |
| Edward Trent | 94.0 hours | $220 per hour | $20,680.00 |
| Roseanne Norwood | 1.10 hours | $120 per hour | $132.00 |
| Appeal Total | | | $37,889.50 |

(Doc. No. 84-2 at 6). The itemization provided by AOL to the appellate court indicates that all four professionals participated in legal research; the three attorneys billed for brief writing; and all participated in the astounding *77* hours it took to prepare for and attend oral argument. The Court has reviewed the papers filed on appeal and respectfully finds that the hours claimed are excessive. There is no showing that AOL – the appellee – required three attorneys and almost 150 hours in which to defend an appeal which, to this Court's eye (and, as evidenced by the one paragraph affirmance, to the appellate court's eye, as well) presented no new or complex issues. Even if the Court were to find entitlement to a reasonable attorney's fee for the entire appeal, and not just time fairly apportioned to the civil theft claim, the appeal could properly have been defended for approximately half the cost charged.

In view of the lodestar factors, and consistent with the Court's earlier analysis, an award of $11,000 for appellate work is properly attributable to the civil theft claim. The Court finds that $220

per hour is a reasonable rate for appellate work, and fifty hours is the amount fairly recoverable. In so concluding, the Court notes the dedication of approximately 11 pages of the appellate brief solely to the issue of the civil theft claim; the time spent on mediation at the appellate level, as well as the time spent in filing the motions to tax attorney's fees at both the district and appellate level.

A final note is in order. At first blush, it seems incongruous to recommend an award of $7,000 for trial court work and $11,000 on appeal. Had AOL made an effort to substantiate how its fees related specifically to the civil theft claim, instead of simply insisting that they *all* did, a different result might have been reached. As AOL has foregone its duty to apportion its fees in favor of blind insistence that it is entitled to all fees, including fees incurred before the civil theft claim was even brought, the Court was left with reviewing the record and applying the law as best it could, under the circumstances presented. Fees on appeal are far easier to determine, as the brief can be objectively evaluated and the Court can make a reasonable assessment with respect to preparation time for oral argument, mediation and preparation of a fee petition. Based on a through review of all of the papers before it, and guided by the law and common sense, it is **respectfully recommended** that AOL be granted an award for attorney's fees for both trial and appellate level work in the total amount of **$18,000.00.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 29, 2006.

                                                    *David A. Baker*
                                                  DAVID A. BAKER
                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy